IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| HARVEY W. DANIELS, ) | |
| Plaintiff, ) | Civil Action No. 12-1631 |
| ) | |
| vs. ) | Judge Cathy Bissoon |
| ) | Magistrate Judge Maureen P. Kelly |
| CITY OF PITTSBURGH; COUNTY OF ) | |
| ALLEGHENY; ALLEGHENY COUNTY ) | |
| JAIL; GUARDS JOHN DOE 1-8, ) | Re: ECF No. 1 |
| Defendants. ) | |

## REPORT AND RECOMENDATION

**I.  RECOMMENDATION**

It is respectfully recommended that the Complaint filed in the above-captioned case, [ECF No. 1], be dismissed for failure to prosecute.

**II.  REPORT**

Plaintiff, Harvey W. Daniels, presented a civil rights complaint on November 7, 2012, bringing claims against Defendants City of Pittsburgh, County of Allegheny, Allegheny County Jail and Guards John Does 1-8, for violating his rights provided by the United States Constitution while he was incarcerated in the Allegheny County jail.  ECF No. 1.

 Defendant City of Pittsburgh filed a Motion to Dismiss on November 19, 2012, ECF No. 4, and on December 19, 2012, this Court issued an Order directing Plaintiff to file a response to the Motion on or before January 18, 2013.  ECF: 12/19/12 Text Order.  Plaintiff was also ordered to file the requisite form either consenting to the jurisdiction of the undersigned Magistrate Judge or electing to have the case randomly assigned to a District Judge.  Id.  Plaintiff failed to file a response to Defendant's Motion or the election form and on February 1, 2013, this Court issued an Order to Show Cause, returnable on February 15, 2013, why the case should not be dismissed

for failure to respond to Defendant's Motion and for failing to file the election form. ECF: 2/1/13 Text Order. To date, Plaintiff has failed to respond to Defendant's Motion to Dismiss or the Order to Show Cause nor given any other indication that he wishes to proceed with this action.

It is clear that the punitive dismissal of an action for failure to comply with court orders is left to the discretion of the court. Mindek v. Rigatti, 964 F.2d 1369 (3d Cir. 1992). In determining whether an action should be dismissed as a sanction against a party the court must consider six factors. These factors, as set forth by the United States Court of Appeals for the Third Circuit in Poulis v. State Farm Fire and Casualty Company, 747 F.2d 863, 868 (3d Cir. 1984), are as follows:

(1) The extent of the party's personal responsibility.

(2) The prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery.

(3) A history of dilatoriness.

(4) Whether the conduct of the party or the attorney was willful or in bad faith.

(5) The effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions.

(6) The meritoriousness of the claim or defense.

Consideration of these factors suggests that the instant action should be dismissed.

Factors 1, 3, and 4 all relate to Plaintiff's failure to comply with this Court's orders so that the case could proceed which weigh heavily against him. Plaintiff's failure to respond to, not one, but two orders was not only solely his personal responsibility but his failure to do so even at this juncture -- over four weeks later -- appears willful and constitutes a history of dilatoriness.

With respect to the second factor -- the prejudice caused to the adversary by Plaintiff's failure to comply with this Court's orders -- other than the expense of filing motions seeking

dismissal of the case, there appears to be no specific prejudice to Defendants other than general delay.[1] Similarly, although it appears that Defendants have set forth viable defenses in their respective Motions seeking dismissal of the claims against them, the Court declines to weigh factor No. 6 -- the meritoriousness of the claim -- either in favor nor against Plaintiff at this early stage in the litigation. Nevertheless, "[n]ot all of these factors need be met for a district court to find dismissal is warranted." Hicks v. Feeney, 850 F.2d 152, 156 (3d Cir. 1988).

The final factor to consider is the effectiveness of sanctions other than dismissal. Under the circumstances presented here, it does not appear that alternative sanctions will be effective. Plaintiff has ignored two court orders which has prevented his case from moving forward. Moreover, the latter order specifically notified Plaintiff that dismissal his case was a viable sanction for failing to show cause why the case should not be dismissed. Plaintiff nevertheless failed to respond to the Show Cause Order thereby demonstrating that he has no serious interest in pursuing this case. It therefore appears that dismissal is the most appropriate action for the Court to take. Mindek, supra; Titus v. Mercedes Benz, 695 F.2d 746 (3d Cir. 1982). Accordingly, it is respectfully recommended that the Complaint filed in the above-captioned case, ECF No. 1, be dismissed for failure to prosecute.

In accordance with the Magistrates Act, 28 U.S.C. §§ 636(b)(1)(B) & (C), and Local Rule 72D.2, Plaintiff is permitted to file written objections and responses thereto in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Objections are to be submitted to the Clerk of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219. Failure to timely file objections will constitute a waiver of any appellate rights. Siers v. Morrash, 700 F.3d 113, 116 (3d Cir. 1983). See Brightwell v. Lehman, 637 F.3d 187, 193 n.7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

---

[1] Defendant County of Allegheny has since filed its own Motion to Dismiss. ECF No. 10.

Respectfully submitted,


<u>/s/Maureen P. Kelly</u>
MAUREEN P. KELLY
United States Magistrate Judge


Dated: 20 February, 2013


cc: All Counsel of Record Via CM-ECF